UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY WAYNE ROGERS, JR.,    )<br>                                                          )<br>            Plaintiff,                           )<br>                                                          )<br>v.                                                     )    Case No. CIV-22-465-J<br>                                                          )<br>STEPHENS COUNTY, et. al.,           )<br>                                                          )<br>            Defendants.                     )  | |

### ORDER

This matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C) and currently pending is her Report and Recommendation (Rep. & Rec.) [Doc. No. 13]. Plaintiff has filed an Objection (Pl.'s Obj.). [Doc. No. 14]. For the reasons discussed below, the Report and Recommendation is ADOPTED.

### I.   Background

Plaintiff, a pretrial detainee, filed a Complaint (Compl.) [Doc. No. 1] alleging constitutional violations via his criminal charges and confinement at the Stephens County Jail. In Count One, Plaintiff alleges that Defendant Javier Martinez, in his official capacity as jail administrator, violated his constitutional right to access the courts by destroying legal paperwork and denying Plaintiff access to the law library. *See id.* at 6-7. In Count Two, Plaintiff alleges Stephens County and Defendant Martinez, in his official capacity, violated his constitutional rights by falsely arresting and imprisoning him. *See id.* at 7-8. Finally, in Count Three, Plaintiff alleges that Defendant Deputy Brown assaulted and battered him during an arrest and acted without probable cause. *See id.*, Ex. 1 at 1.

On screening, Judge Mitchell recommended dismissing Count One on grounds that Defendant Martinez was sued in his official capacity, and as such, the claim was essentially one

against Stephens County. *See* Rep. & Rec. at 8. To that end, Plaintiff had failed to identify any policy or custom that had caused his injury. *See id.* at 8-9. Additionally, Judge Mitchell noted that Plaintiff was being represented by counsel on his criminal charges and thus had not stated a valid claim that Defendant Martinez had denied him access to the courts. *See id.* at 9-10. Judge Mitchell made a similar recommendation on Count Two, recommending dismissal based on Plaintiff's failure to identify a policy or custom which had caused his injuries. *See id.* at 10-11. Finally, Judge Mitchell recommended dismissal on Count Three because the claim was intertwined with his pending criminal charges and was premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 11-13.

## II. Standard of Review

Plaintiff filed an Objection to the Report and Recommendation, but states that he concurs with Judge Mitchell's recommendations as to Counts Two and Three. *See* Pl.'s Obj. at 1. Accordingly, the Court engages in a non-de novo review on Counts Two and Three "only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up; citation omitted) (applying a de novo and non-de novo review to an objection which only specifically addressed portions of the underlying report and recommendation). The Court applies de novo review on Count One, to which Plaintiff specifically objected.

## III. Non-De Novo Review

Judge Mitchell recommended that the Court dismiss Plaintiff's Counts Two and Three and Plaintiff concurs with her recommendation. Finding no clear error on the face of the record, the Court ADOPTS Judge Mitchell's findings and recommendations and DISMISSES Counts Two and Three without prejudice.

**IV.     De Novo Review**

In his Complaint, Plaintiff alleged in Count One that Defendant Martinez, in his official capacity as jail administrator, violated his constitutional rights to access the courts when he denied Plaintiff access to the law library and destroyed papers filed to pursue administrative relief. *See* Compl. at 6-7. As noted above, Judge Mitchell explained that a claim against Defendant Martinez in his official capacity was the same as one against Stephens County and as such, Plaintiff must identify a policy or custom that led to his injuries. She also noted the lack of injury, i.e., that because Plaintiff had been afforded counsel in his criminal action, he was not entitled to law library access.

In his Objection, Plaintiff "clarif[ies]" Count One and says it was "for the false arrest and unlawful imprisonment suffered at the hands of Stephens County." Pl.'s Obj. at 1. That is the same allegation Plaintiff raised in Count Two, *see* Compl. at 7-8, and Plaintiff has already "agree[d]" with Judge Mitchell's recommendation that the allegation against Stephens County and Defendant Martinez, in his official capacity, requires dismissal because Plaintiff has failed to identify any policy or custom that led to his purported injury. *See supra* at 2. That recommendation was correct. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (holding that to establish municipal liability against a county, plaintiff must identify a "municipal policy or custom" and then must demonstrate "a direct causal link between the policy or custom and the injury alleged" (cleaned up; citations omitted)). So, on de novo review, Judge Mitchell's recommendation regarding Count One is ADOPTED and the claim is DISMISSED without prejudice.

**V.**     **Conclusion**

For the reasons discussed above, on both non-de novo and de novo review, the Report and Recommendation [Doc. No. 13] is ADOPTED and Plaintiff's Complaint is DISMISSED without prejudice.  Plaintiff is granted twenty-one days, or no later than October 5, 2022, in which to file an amended complaint.  If no amended complaint is filed within that deadline, judgment will enter.

IT IS SO ORDERED this 14th day of September, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE